UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUDITH PLUNKETT,<br><br>                Plaintiff,<br><br>   v.<br><br>BEST BUY CO., INC,<br><br>                Defendant. | CASE NO. 3:16-CV-05832-DWC<br><br>ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 15. Currently before the Court is Defendant Best Buy Co., Inc.'s Motion for Summary Judgment ("Motion"). Dkt. 18.

The Court concludes Plaintiff Judith Plunkett has failed to show there is a genuine dispute as to material facts regarding whether Defendant acted negligently when it placed a row of nested shopping carts in a main aisle of its Silverdale, Washington store. Therefore, the Motion (Dkt. 18) is granted.

**I.    BACKGROUND**

This case arises out of a "slip and fall" incident which occurred on December 3, 2014. *See* Dkt. 1. Plaintiff alleges she tripped over the protruding lower tray of a shopping cart in

Defendant's Silverdale store ("the fall"). *See* Dkt. 2-2, 19-2, 21, 24. The shopping carts, which Defendant provided to customers, were nested together in a main aisle of the store. *See* Dkt. 2-2, 19-2, 21-1. Plaintiff contends Defendant's negligence caused the fall and, as a result of the fall, she "was severely injured, requiring medical treatment and resulting in a loss of life's enjoyment, pain and suffering, economic loss, and other injuries and losses." Dkt. 2-2, p. 2.

Defendant filed the Motion on September 13, 2017. Dkt. 18. Plaintiff filed her Response on September 29, 2017, Dkt. 21, and Defendant filed a Reply on October 6, 2017. Dkt. 24. The Court heard oral argument on October 12, 2017.[1] After oral argument concluded, the Court allowed Plaintiff to correct an error in the Declaration of Joellen Gill and provided the parties an opportunity to file supplemental briefing on or before October 19, 2017. *See* Dkt. 26. Plaintiff filed an Amended Declaration of Joellen Gill with attachments. Dkt. 27, 28. The parties did not file supplemental briefing.

## II. MOTION TO STRIKE MOTION

Plaintiff moved to strike the entire Motion because Defendant allegedly failed to comply with discovery requests. Dkt. 21, pp. 4-5. Plaintiff requested the Motion be struck as a sanction under Federal Rule of Civil Procedure 37. The Court heard argument on this matter at the October 12 hearing. *See* Dkt. 26. The Court found it was not appropriate to strike the Motion as a discovery sanction, and denied Plaintiff's request. *See* Dkt. 26.

## III. MOTION TO STRIKE EXPERT REPORT

Defendant requests the Court strike the expert report and Declaration of Joellen Gill. Dkt. 24, pp. 5-6. During summary judgment, a party may object to material cited by the adverse party

---

[1] During the hearing, the Court heard argument from Attorney Tessan Wess, on behalf of Defendant, and Attorney David Rovang, on behalf of Plaintiff.

that would not be admissible in evidence. Fed. R. Civ. P. 56(c)(2). An expert opinion is admissible pursuant to Federal Rule of Evidence 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The Supreme Court has held that a trial court must act as a "gatekeeper" in determining whether to admit or exclude expert evidence in accordance with Federal Rule of Evidence 702. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). To be admissible, expert testimony must be "not only relevant, but reliable." *Daubert*, 509 U.S. at 589.

In this case, Defendant does not challenge the reliability of Ms. Gill's report. *See* Dkt. 24, pp. 5-6. Therefore, the Court will not discuss the reliability prong and will focus only on the relevancy prong of the *Daubert* test.

To be admissible under the *Daubert* relevancy prong, the expert opinion must assist the trier of fact in understanding or determining a fact in issue. *Daubert,* 509 U.S. at 591–92. "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Id*. at 591; *see also Mukhtar v. California State University, Hayward*, 299 F.3d 1053, 1063 n. 7 (9th Cir. 2002), *overruled on other grounds by Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457 (9th Cir. 2014). The relevancy bar, however, is low, demanding only that the evidence "logically advances a material aspect of the proposing party's case." *Daubert v. Merrell Dow Pharm., Inc.,* 43 F.3d 1311, 1315 (9th Cir. 1995) ("*Daubert II* ").

"Expert opinion testimony is relevant if the knowledge underlying it has a 'valid ... connection to the pertinent inquiry.'" *Pooshs v. Phillip Morris USA, Inc.*, 287 F.R.D. 543, 547

(N.D. Cal. 2012) (citing *Daubert*, 509 U.S. at 592). Furthermore, because "[e]xpert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry," relevancy depends on the particular law at issue. *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010). As such, "[t]he gatekeeping inquiry must be 'tied to the facts of a particular case.'" *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) (quoting *Daubert*, 509 U.S. at 591).

Here, the Court finds Ms. Gill's expert opinion lacks relevancy for the following four reasons: (1) the report is not based on accurate photographic evidence; (2) Ms. Gill failed to considered pertinent information when rendering her opinion; (3) the report is based on speculation; and (4) an expert opinion is not necessary to assist the trier of fact in understanding and determining a fact in this case.

First, in reaching her opinion, Ms. Gill relied on three photographs ("Figures 1-3") that do not depict images of the actual carts involved in the fall.[2] In her report, Ms. Gill refers to the carts in Figures 1-3 as "exemplar carts." *Id*. at pp. 15, 20. She also states the "carts are not in the same position as they were at the time of [the fall]." *Id*. at p. 15. Additionally, Plaintiff's deposition corroborates the fact the photographs relied on by Ms. Gill are not accurate depictions of the circumstances surrounding the fall. Plaintiff testified that the only thing familiar about the photographs reviewed by Ms. Gill was the height of the display walls. Dkt. 21-1, Plaintiff Depo, p. 46. When asked if Figure 2 depicted or resembled the positioning of the carts at the time of the fall, Plaintiff stated, "Nothing was protruding that greatly." *Id*. at p. 47. Plaintiff was then asked,

---

[2] The first photograph – Figure 1 – depicts a row of nested flatbed carts without baskets. Dkt. 28, p. 15. The second photograph – Figure 2 – depicts display walls and the front nose of 3 carts protruding from behind a display wall. *Id*. Figure 2 does not show if the carts have baskets. The third photograph – Figure 3 – depicts display walls and the nose of a cart with a yellow strip protruding from behind a display wall. *Id*. at p. 20. Figure 3 does not show if the cart has a basket.

"Do any of these photos resemble the positioning of the shopping carts the day that you tripped and fell?" *Id*. at p. 48. Plaintiff responded, "I will say, 'no,' but if this cart were back further, not so apparent, it would be similar." *Id*. Based on the evidence, Figures 1-3 are merely exemplar carts and do not depict the location and positioning of the carts at the time of the fall.

Furthermore, the photographs reviewed by Plaintiff show two different types of carts – carts with yellow baskets and carts without baskets. *See id*. at p. 57. Robert Hooper, the store manager of Defendant's Silverdale store, testified that at the time of fall he kept the carts with baskets down the middle aisle of the store. Dkt. 21-1, Hooper Depo., pp. 37-38. Figure 1 does not depict carts with baskets. *See* Dkt. 28, p. 15. It is also not clear if the carts in Figures 2 and 3 are equipped with baskets as that portion of the cart is not visible in the photographs. *See id*. at pp. 15, 20. The Court cannot determine if Ms. Gill reviewed a photograph that depicted a cart with a basket or that showed the same model of cart involved in the fall when reaching her opinion. *See* Dkt. 28, pp. 15, 20.

As Figures 1-3 are not accurate depictions of the carts involved in the fall or accurate depictions the placement of the carts at the time of the fall, the three photographs are not tied to the particular facts of this case nor relevant to the pertinent inquiry of this case.

Second, Ms. Gill failed to consider significant evidence prior to authoring the report. In forming her opinion, Ms. Gill appears to have reviewed three photographs and an initial file, and was "afforded the opportunity to conduct a phone interview of [Plaintiff] regarding the facts of her case." *See* Dkt. 28, p. 14. However, when she authored her expert report, Ms. Gill had not reviewed the surveillance video of the fall, visited Defendant's Silverdale store, examined the carts involved in the fall, examined or considered how the carts appeared when nested, or examined the location of the row of carts involved in the fall. Further, Ms. Gill did not review

any discovery produced by Defendant when rending her opinion. *See e.g.* Dkt. 21-1, p. 9. Because Ms. Gill did not review several pieces of significant evidence prior to rendering her opinion, her expert report does not logically advance a material aspect of this case.

Third, Ms. Gill's report is based on speculation. For example, Ms. Gill opines that, because of a human's field of vision, "perturbations (i.e. such as unexpected, effectively camouflaged trip hazards) [should] be visually salient from 25 feet or more." Dkt. 28, p. 16. However, there is no evidence showing the carts in question were not visually salient from 25 feet or more. Rather, Ms. Gill admits the photographs she viewed did not show the carts in the same position as they were at the time of the incident. *Id*. at p. 15. Additionally, video evidence shows Plaintiff walking next to the row of the nested carts and does not show a "hidden" cart nose protruding from behind a wall as depicted in the narrative and Figures 1-3. *See* Dkt. 21-1, Exhibit G; *see also Scott v. Harris*, 550 U.S. 372, 380-81 (2007) (finding the lower court should have viewed the facts as depicted by the videotape when the plaintiff's version of the events were "so utterly discredited by the record that no reasonably jury could have believed him"). Furthermore, without reviewing relevant evidence, Ms. Gill based her opinion on the "offending protruding cart nose," "general condition of the protruding cart base at the time of [the] fall," and "the protruding cart nose that induced [the] fall." She also opined as to Plaintiff's path and the location of the "hidden" protruding cart nose; however, nothing in the report indicates Ms. Gill had accurate information regarding Plaintiff's path of travel and relationship to the carts when the fall occurred. As Ms. Gill's opinion is based on speculation and fails to consider particular facts pertinent to this case, her opinion lacks relevancy.

Fourth, an expert opinion is not necessary for the trier of fact to understand and determine a fact in this case. The normal life experiences of a jury would permit it to draw its own

conclusions regarding the safety of the row of nested carts in a main aisle of Defendant's Silverdale store. This is a simple trip and fall case. Jurors would likely have visited similar stores, used similar shopping carts, and generally be aware of rows of nested carts. Thus, a jury would be able to form their own conclusions regarding the dangers of the row of nested shopping carts based on the eyewitness testimony in this case. Therefore, an expert opinion is not necessary and Ms. Gill's opinion does not assist the trier of fact in this case. *See Braithwaite v. K-Mart Corp*, 2000 WL 36724491, at *6 (Terr. V.I. Mar. 6, 2000) (citing *Getter v. Wal–Mart Stores, Inc.*, 66 F.3d 1119, 1124 (10th Cir. 1995)) (excluding an expert opinion in a trip and fall case where the, "under the circumstances, 'the normal life experiences and qualifications of the jury would permit it to draw its own conclusions concerning the safety of the floor, based upon the lay testimony of eyewitnesses").

In summation, when authoring her expert opinion, Ms. Gill (1) did not base her opinion on photographs that accurately depicted the carts at the time of the fall; (2) did not consider pertinent evidence when reaching her opinion, such as video evidence of the fall and a physical examination of cart, the Silverdale store, and the location of the fall; (3) based her opinion on speculation; and (4) did not render an opinion that assists the tier of fact in understanding or determining a fact in this case. Ms. Gill did not base her expert opinion on facts and data relevant to this particular case and Plaintiff's particular fall, and consideration of her report would not be helpful to the trier of fact. Therefore, Ms. Gill's expert report does not survive the relevancy prong of the *Daubert* test. *See Williams-Degree v. Washington Realty Grp., LLC*, 2013 WL 4760996, at *2 (W.D. Wash. Sept. 4, 2013) (emphasis added) (granting motion to strike expert at summary judgment because there was insufficient evidence to qualify her as an expert regarding her opinion "[o]n the issues of the safety of the *actual step in question*").

Accordingly, Defendant's request to strike Ms. Gill's Amended Declaration and report is granted. The Court will not consider the Amended Declaration or expert report of Joellen Gill when ruling on the Motion. *See Kumho*, 526 U.S. at 154 (emphasis in original) (finding the district court did not error in excluding an expert report and granting summary judgment; stating "[t]he relevant issue was whether the expert could reliably determine the cause of *this* [case]"); *California ex rel. Brown v. Safeway, Inc.,* 615 F.3d 1171, 1181 (9th Cir. 2010) ("expert's opinions that are without factual basis and are based on speculation or conjecture are inadmissible at trial and are inappropriate material for consideration on a motion for summary judgment").

## IV. STANDARD OF REVIEW

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

## V. EVIDENCE

The material evidence shows, on December 3, 2014, Plaintiff was shopping at Defendant's Silverdale store. Dkt. 21-1, Plaintiff Depo., pp. 41-42, 44. Plaintiff was traversing a main aisle of the store when her foot contacted the lower lip of a shopping cart in a row of nested carts. *Id*. at pp. 44, 49-51. After her foot contacted the shopping cart, Plaintiff fell. *See id*. at pp. 50-51. Plaintiff testified she did not notice the shopping carts in the store. *Id*. at p. 45. A video of the fall shows Plaintiff and other individuals walking next to and around a row of nested shopping carts. *See* Dkt. 21-1, Exhibit G.

Robert Hooper, the general manager for Defendant's Silverdale store, testified that, at the time of the fall, the basket shopping carts were kept down the middle aisle of the store "because that's where most people would conveniently grab them." Dkt. 21-1, Hooper Depo., pp. 32, 38. Mr. Hooper was not aware of a customer tripping over a cart on Defendant's Silverdale premises other than the fall in question. Dkt. 25-2, Hooper Depo., p. 4.

## VI. DISCUSSION

Initially, Plaintiff argues the Motion should be denied because the Court does not have relevant evidence showing Defendant's knowledge of previous shopping cart incidents, which would show Defendant had actual or constructive knowledge of the risk caused by the carts. Dkt. 21, p. 5. Plaintiff maintains Defendant failed to produce this evidence during discovery and has not provided the evidence to the Court. *See id.*

The record shows the parties had several discovery disputes, which they attempted to resolve, between April and August of 2017. *See* Dkt. 21, p. 3; Dkt. 21-1, pp. 9-18. Defendant's

counsel states she was working to obtain the requested discovery and, the day before she filed the Motion, she asked Plaintiff's counsel if he would agree to a trial continuance to allow Defendant's counsel to obtain the requested discovery and mediate the case. *See* Dkt. 24; Dkt. 25, Wess Dec., ¶ 2. Plaintiff did not agree to a continuance, and Defendant filed the Motion. Dkt. 18, 25-1.

The record shows the parties had ample opportunity to engage in the discovery process and no motions to compel were filed in this case. Further, there is no evidence showing there is outstanding discovery which is relevant to the Court's summary judgment determination. Therefore, the Court declines to dismiss Defendant's Motion outright. As the Court declines to dismiss the Motion outright, the Court will consider the merits of the underlying claim.

Plaintiff asserts a negligence claim against Defendant under a theory of premises liability. In diversity actions, federal courts apply state substantive law. *See Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1090 (9th Cir. 2001). In Washington, "[t]o maintain an action for negligence, the plaintiff must show (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the plaintiff suffered an injury, and (4) the defendant's breach was the proximate cause of the plaintiff's injury." *Martini v. Post*, 178 Wash. App. 153, 164 (2013) (*citing Hertog v. City of Seattle,* 138 Wash.2d 265, 275 (1999)). "The legal duty owed by a landowner to a person entering the premises depends on whether the entrant falls under the common law category of a trespasser, licensee, or invitee." *Iwai v. State, Employment Sec. Dep't*, 129 Wash. 2d 84, 90–91 (1996).

The Washington State Supreme Court "has adopted sections 343 and 343A of the *Restatement (Second) of Torts* to define a landowner's duty to invitees." *Kinney v. Space Needle Corp.*, 121 Wash. App. 242, 249 (2004). Under Section 343,

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>   (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>   (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>   (c) fails to exercise reasonable care to protect them against the danger.

*Id.* (quoting *Restatement (Second) of Torts*, § 343). A landowner is not liable to an invitee for physical harm caused to the invitee "by any activity or condition on the land whose danger is known or obvious to [the invitee], unless the [landowner] should anticipate the harm despite such knowledge or obviousness." *Id.* at 250 (quoting *Restatement (Second) of Torts*, § 343A); *see also Kamla v. Space Needle Corp.*, 147 Wash. 2d 114, 126 (2002) ("A landowner is liable for harm caused by an open and obvious danger if the landowner should have anticipated the harm, despite the open and obvious nature of the danger.").

Here, the parties agree that Plaintiff was Defendant's invitee at the time of the fall. Further, the Court finds there is no genuine issue of material fact regarding (1) whether the carts posed an unreasonable risk of harm and (2) whether Defendant was aware the nested row of carts posed an unreasonable risk of harm. Therefore, the Court finds it appropriate to grant the Motion.

First, to establish premises liability, a plaintiff must prove "that a condition posing an unreasonable risk of harm existed on [the defendant's] premises." *Kit v. Group Health Co-op.*, 135 Wash. App. 1045, at *2 (2006). Here, the evidence fails to show the row of nested shopping carts in Defendant's Silverdale store created an unreasonable risk of harm. The shopping carts were nested together in a main aisle of the store. The video evidence shows there was room to walk along side and around the end of the row of carts. Dkt. 21-1, Exhibit G. Further, courts have found obstacles – such as shopping carts – protruding into store aisles are not inherently

dangerous.[3] As such, there is no evidence showing the shopping cart at the end of a row of nested shopping carts stored in a main aisle of Defendant's Silverdale store created an unreasonable risk of harm.

Second, to prove negligence, "[a] plaintiff must establish that the defendant had, or should have had, knowledge of the dangerous condition in time to warn the plaintiff of the danger." *Charlton v. Toys R Us--Delaware, Inc.*, 158 Wash. App. 906, 915 (2010). In this case, even if the carts posed an unreasonable risk of harm, there is no evidence Defendant knew or should have known about the harm. The evidence shows Mr. Hooper, the store manager, knew the carts were kept in a nested row in a main aisle of the store. Mr. Hooper, however, was unaware of anyone tripping over a shopping cart in the Silverdale store, other than the fall in question. Dkt. 25-2, Hooper Depo., p. 4. Thus, there is no evidence to show Defendant had actual or constructive knowledge that the carts posed an unsafe condition.

There is no evidence to show (1) the row of nested shopping carts in a main aisle of Defendant's Silverdale store posed an unreasonable risk of harm to Plaintiff or (2) Defendant knew or should have known the carts posed an unreasonable risk of harm. Therefore, the Court finds Plaintiff has failed to overcome Defendant's summary judgment showing. *See Charlton*, 158 Wash. App. at 916 (finding summary judgment proper when the plaintiff failed to present any evidence that the floor presented an unreasonable risk of harm when wet); *Kit*, 135 Wash. App. 1045 (affirming summary judgment when the plaintiff failed to show wheeled, armless

---

[3] *See Schneider v. Costco Wholesale Corp.*, 136 Wash.App. 1054, at *2 (2007) (granting summary judgment when there was no evidence that there was anything unreasonably dangerous about a customer struggling to separate carts"); *Dae Kon Kwon v. Costco Wholesale Corp.*, 469 F. App'x 579, 580 (9th Cir. 2012) (affirming the district court's finding "that a stationary row of five flatbed carts is not an unreasonable hazard"); *Znoski v. Shop-Rite Supermarkets, Inc.*, 122 N.J. Super. 243, 247–48 (App. Div. 1973) ("We are unable to say that a substantial risk of injury is implicit, or inherent, in the furnishing of shopping carts to patrons by a store proprietor. Shopping carts are not dangerous instrumentalities, and they are uniquely suitable for the purpose for which furnished."); *Sloss v. Greenberger*, 396 Pa. 353, 355 (1959) (finding nothing improper or unreasonable about a basket sticking out into the shopping aisle when it was in plain sight, obvious, and there was ample room to walk around the baskets).

chairs posed an unreasonable risk of harm); *See Wiltse v. Albertson's Inc.*, 116 Wash. 2d 452, 459–60, 805 P.2d 793, 797 (1991) ("To prove negligence, the plaintiff must prove that water makes the floor dangerously slippery and that the owner knew or should have known both that water would make the floor slippery and that there was water on the floor at the time the plaintiff slipped."); *Rodriguez v. Dolgencorp, LLC*, 152 So.3d 871, 872 (La. App. 2016) (granting summary judgment in favor of defendant and stating "that the mere presence of obstacles in a store, such as shopping carts, does not create an unreasonable risk of harm when the condition is open and obvious").

## CONCLUSION

The Court concludes the evidence shows no genuine issue of material fact exists in this case. Therefore, Plaintiff has not overcome Defendant's summary judgment showing. Accordingly, Defendant's Motion (Dkt. 18) is granted and this case is closed.

Dated this 31st day of October, 2017.

*[signature]*

David W. Christel
United States Magistrate Judge